MEMORANDUM *
Steven Humber appeals the district court’s order granting defendants judgment on the pleadings on Humber’s claim of retaliation under the Family and Medical Leave Act (“FMLA”), 29 U.S.C. § 2615(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
We treat defendants’ motion for judgment on the pleadings “as one for summary judgment under Rule 56.” County Sanitation Dist. of L.A. v. Inland Container Carp., 803 F.2d 1074, 1078 (9th Cir.1986). The record makes clear that defendants terminated Humber for legitimate, nondiscriminatory reasons, including his keeping an unlicensed pistol in his office and his severe neglect of his caseload responsibilities. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir.2002). The Chief Judge of the Oregon Court of Appeals concluded there had been considerable “slippage” in Humber’s work performance. The court’s staff likewise reported a “pattern of neglect” in Hum-ber’s cases, and Humber’s supervisors received numerous complaints from his clients. Nothing in the record demonstrates that defendants have ever tolerated a pattern of poor work performance as egregious as Humber’s, or were aware his firearm was unlicensed.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.